**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

MEKIN LOPEZ FERREIRA,

Petitioner,

v.

IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent.

Case No. 26-cv-05748-BAS-MMP

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Mekin Lopez Ferreira filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, requesting immediate release from immigration custody. (ECF No. 1.) The Government argues the Petition is premature because Petitioner's final order of removal only recently became final. (ECF No. 8.) Petitioner filed a Traverse. (ECF No. 10.) Since Petitioner has failed to demonstrate that there is not a significant likelihood he will be removed from the United States in the reasonably foreseeable future, the Court **DENIES** the Petition without prejudice.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the

writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. ANALYSIS

Petitioner is a citizen of Cuba but was removed to Mexico on February 18 of this year. (ECF No. 8, Ex. 1.) On March 31, 2026, he was re-apprehended at the San Ysidro Port of Entry. (*Id.*) On August 15, 2026, he was again ordered removed. (ECF No. 8, Ex. 2.) On September 15, 2026, an Immigration Judge found a negative fear determination, confirming the removal order. (*Id.*) Thus, Petitioner's removal order became final on September 15, 2026. Petitioner has a lengthy criminal record, including multiple convictions for cocaine and marijuana possession, multiple convictions for battery, including an aggravated battery and battery on a pregnant victim, vehicle theft, and resisting a peace officer. (ECF No. 8, Ex. 1.)

In *Zadvydas*, the Supreme Court ruled that a six-month period to effectuate removal is presumptively reasonable. 533 U.S. at 701. However, "[a]fter this six-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* In addition, "[t]his six-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, the alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

In this case, it has been just over a month since Petitioner was ordered removed. He was removed to Mexico earlier this year, supporting the inference that he could be removed there again. He makes no effort to rebut the presumption that his detention to effectuate removal is presumptively reasonable. Instead, he simply argues that he is facing a

"prolonged detention with no end." (ECF No. 1.) Because the Court cannot find, at this point, that there is no significant likelihood of removal in the reasonably foreseeable future, the Court denies the Petition.

## III. CONCLUSION

For the reasons stated above, the Court **DENIES** the Petition. (ECF No. 1.) The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: October 30, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**